Dear Mr. Burkett:
You have asked this office to advise whether an individual may hold full-time employment as administrator for the DeSoto Parish Waterworks District #1 while holding the elective office of school board member for DeSoto Parish.
The waterworks district is a creature of the parish police jury, created under the auspices of R.S. 33:3811.[1] For purposes of dual-officeholding, the waterworks district and the school board are separate political subdivisions as defined by R.S. 42:62(9):
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for purposes of this Part, mayor's court, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate subdivisions.
R.S. 42:63(D) prohibits one from holding employment in the same political subdivision in which he holds elective office. The statute provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition, no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing *Page 2 
authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The foregoing provision does not prohibit one from holding the local elective office of school board member and employment with the waterworks district, a separate political subdivision.
As a caveat to the foregoing, we assume there is no parish ordinance which creates the position of administrator of the waterworks district as an "appointive office" as defined in R.S. 42:62(2):
 (2) Appointive office means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Should a parish ordinance create the position of administrator, such position would then be considered an appointive office; one cannot hold local elective office and full-time appointive office. See R.S. 42:63(D), quoted above.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] R.S. 33:3811 provides in pertinent part:
Police juries may divide their respective parishes into one or more waterworks districts, with such name or numbers as the police jury may designate.